## COLLINS v. LAUCIER ET AL.

DOWER: JUDICIAL SALE: VALIDITY OF STATUTE.

*Appeal from Dubuque Circuit Court.*

THURSDAY, MARCH 22.

THE plaintiff brings this action in equity, to recover dower in lot 105 in the city of Dubuque. Amongst other defenses the defendants plead the statute of limitations. The court rendered judgment for the defendants. The plaintiff appeals. The material facts are stated in the opinion.

*Lewis A. Thomas*, for appellant.

*Platt Smith* and *W. H. Utt*, for appellees.

*Cooley & Rood*, for appellee Bagley.

DAY, CH. J.—From the testimony and the admissions of the parties, the facts appear to be as follows: The plaintiff was married to George C. Collins in 1841, and is his widow. On the 1st day of November, 1841, Sylvester Laucier, being seized of lot 105, in the city of Dubuque, conveyed the same to Enoch Brown, but by mistake described it as lot 155. Brown commenced building a house on the northeast corner of the lot. On the 28th day of March, 1842, Brown sold and conveyed the lot to George C. Collins, and made the same mistake in description. Early in the fall of 1842, Collins let the contract for finishing the house to M. J. Sullivan. Early in the spring of 1843 Collins commenced cleaning out the house with the intention of moving into it, but he then obtained a clerkship in Washington and left suddenly without moving into the house. He never returned. On the 21st day of April, 1843, and soon after Collins moved away, Sullivan commenced suit against Collins, in the Dubuque District Court, for the establishment of a mechanic's lien, on account of the completion of said house, and, on the 2d day of September, 1843, he recovered a judgment for the sum of $796.60, and the establishment of a mechanic's lien against said lot 105. On the 14th day of October, 1843, the lot was sold under execution to Sullivan for the sum of $800, and on the same day a sheriff's deed was executed to him therefor. Sullivan entered into and kept possession of the property until the 15th day of May, 1844, when he sold to Mr. Mobley. On the 2d day of May, 1845, Daucier executed to Mobley a quit-claim deed for lot 105, reciting that it was for the purpose of correcting the error in the description in the original deed from Laucier to Brown. Mobley had possession of the property and received the rents until May 2d, 1851, when he sold to the defendant, Marcia A. Gonder, for the sum of $2,000. Gonder remained in the possession of the whole property, paid taxes, and received the rents and profits until March, 1861, when she conveyed the south 20 feet of the lot to H. W. Sanford. During this time Gonder erected on the lot two three-story brick buildings, covering the whole front of the property, at a cost of about $8,500. Ever since the sale to Sanford, Gonder has remained in the exclu-

sive possession of the remainder of the lot, the north 40 feet, and has resided thereon. On the 31st day of August, 1867, Sanford conveyed the south 20 feet to the defendant, Frances E. Bagley. Since the sale of the south 20 feet Sanford and Bagley have been in the exclusive possession thereof, claiming to own the same, and receiving the rents and profits.

George C. Collins died on the 21st of March, 1865. On the 12th day of July, 1875, the original notice in this action was delivered to the sheriff with intent that it be served immediately, and on the 5th day of August, 1875, the plaintiff's petition was filed. We think it is clear that the plaintiff's claim for dower cannot be maintained.

On the 14th day of October, 1843, the lot, in which plaintiff claims dower, was sold under execution against her husband. The purchaser went into possession, and he and his grantees remained in exclusive possession, receiving rents and profits, paying taxes and making valuable improvements, for the period of twenty-one years and five months prior to the death of plaintiff's husband and for ten years and three months thereafter, and before this action was brought. The law in force respecting dower, at the time of the death of plaintiff's husband, was chapter 151 of the Laws of 1862, which provides that one-third in value of all the real estate in which the husband at any time during the marriage had a legal or equitable interest, which has not been sold on execution or other judicial sale, to which the wife has made no relinquishment of her right, shall be set apart as her property in fee simple. The sale in question to Sullivan was made under chapter 155 of Laws of 1843, known as the valuation law. The plaintiff, by consent of defendants, introduced in evidence a letter of J. T. Young, Secretary of State, stating that he had examined the original bill, and found that the names of the Speaker of the House of Representatives and the President of the Council appear thereto, but that the Governor and Secretary of the Territory had failed to sign it. The plaintiff claims that, because of this failure, the act is a nullity and the execution sale is wholly void. The claim cannot be admitted. The amendment to the organic law under which the Territory of Iowa was acting at the time the law in question was passed, provides that "if any bill shall not be returned by the Governor within three days after it shall have been presented to him, the same shall be a law in like manner as if he had signed it." Statutes of Iowa, p. 39. We cannot now, after a lapse of thirty-four years, presume against the validity of a law which has been published by authority, and during all that period recognized as binding, simply because the signature of the Governor is not attached. We must rather presume that the events happened which made it a law without the Governor's signature.

It is further claimed that, because of the repeal, by Chap. 92, Laws 1843, of the lien laws in force at the time the work was done, the judgment rendered against Collins is void. The first section of this chapter provides that "in all cases hereafter when any contract shall be made," etc., clearly showing that it was not intended that the chapter should have a retrospective operation; and section 9 provides that "this act shall be so construed as not to affect the rights of parties prior to its passage." It is quite clear that this statute in no way affects the lien of Sullivan.

Holding, as we do, that the sale under execution divested all the interest

of plaintiff's husband, it is unnecessary to consider whether the plaintiff's claim was divested by the statute of limitations, prior to her husband's death, or is barred by that statute since.

AFFIRMED.

ADAMS, J., having been of counsel, took no part in the decision of this case.